UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HUMBERTO M. GARZA, #0530816, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL NO. SA-19-CV-0451-OLG(ESC) |
| OFFICER F/N/U RIOS and OFFICER F/N/U GARCIA, Correctional Officers at GEO Facility, | § § § § § | |
| *Defendants.* | § § | |

**SHOW CAUSE ORDER**

Before the Court is *pro se* Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint [#1]. Plaintiff's Complaint alleges that on January 21, 2019, he was secured in a cell at the GEO Facility in San Antonio, Texas, and was holding a small piece of a sheet with his hand to cover "a thirty-minute device" on his door in an attempt to obtain the supervisor's attention. Plaintiff states Officers Rios and Garcia told him to remove his hand. When Plaintiff refused, Officer Rios stated he would make him remove his hand, whereupon he left briefly and returned with a "suicide knife 'metal.'" Officer Rios then told Plaintiff to move his hand or he would cut him. When Plaintiff still refused, Officer Rios began "slashing the knife in a malicious and sadistic manner laughing while he assaulted [Plaintiff]." Plaintiff states Officer Rios cut Plaintiff's hand several times and continued cutting him despite Plaintiff's cries for him to stop. He further alleges that Officer Garcia assisted Officer Rios during this incident.

Plaintiff brings this suit against Officers Rios and Garcia for excessive force pursuant to the Eighth Amendment. Under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(l)-(2), a court

1

must dismiss a plaintiff's complaint if the court determines the complaint fails to state a claim on which relief may be granted. To state a claim pursuant to Federal Rule of Civil Procedure 8, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007). A conclusory complaint, or one that fails to state material facts, maybe dismissed for failure to state a claim. *See Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir. 2006).

For the following reasons, Plaintiff's Complaint appears to fail to state a claim:

A prisoner may bring a civil rights law suit against state and local police and law enforcement officers under § 1983. A prisoner alleging a § 1983 claim must show *state* actors deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). In contrast to § 1983 actions brought against state actors, civil rights actions brought against federal actors generally arise under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A prisoner alleging a *Bivens'* claim must show that *federal* actors deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Id.*

At the time plaintiff alleges he was injured, and his constitutional rights violated, he was a federal prisoner housed at the Central Texas Detention Facility ("CTDF"), located at 218 S. Laredo St., San Antonio, Texas. This facility is owned and operated by GEO, a private corporation. GEO and its employees are not subject to suit as state actors under § 1983, because CTDF is a federal prison and § 1983 applies to constitutional violations by state, rather than federal, officials. *See Eltayib v. Cornell Cos., Inc.*, 533 F. App'x 414, 414–15 (5th Cir. 2013).

Further, although the CTDF is operating as a private facility to house federal detainees and convicted prisoners, the Supreme Court has held that no implied private right of action exists under *Bivens* for damages against private entities for alleged constitutional violations while acting under color of federal law. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70–73 (2001). Moreover, the Supreme Court refused to infer a remedy under *Bivens* against prison employees at a privately-operated federal prison where state tort law provides an adequate alternative remedy. *See Minneci v. Pollard*, 565 U.S. 118, 131 (2012).

In this case, Plaintiff complains he was assaulted by Officers Rios and Garcia. As a result, Plaintiff's claims for excessive force against GEO employees, Officers Rios and Garcia, are also barred under *Bivens* because Texas state law provides an adequate remedy for assault and battery. *See Palacios v. United States Marshals Serv.*, No. 11–CV–009, 2012 WL 12957204, at *4 (W.D. Tex. Feb. 23, 2012) (citing *Minneci*, 132 S. Ct. at 625).

Thus, in order to avoid dismissal of his suit, Plaintiff must provide factual details naming a state or federal actor who violated his constitutional rights. Alternatively, Plaintiff must provide factual details demonstrating that this Court has original jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000. Before dismissal, Plaintiff is entitled to amend his Complaint. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). Therefore:

**IT IS ORDERED that within twenty-one (21) days of the date of this Order**, Plaintiff must **SHOW CAUSE** why his Complaint should not be dismissed pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim by filing an amended complaint of no more than twenty pages, addressing the deficiencies discussed above. If Plaintiff fails to

comply with this Order, this action may also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

SIGNED this 10th day of May, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE