UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HUMBERTO M. GARZA, #14840-480, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL NO. SA-19-CV-0451-OLG(ESC) |
| OFFICER F/N/U RIOS and OFFICER F/N/U GARCIA, Correctional Officers at GEO Facility, | § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff Humberto M. Garza's Motion for Access to the Law Library. [#8]. Plaintiff states that as a result of being housed in administrative segregation, he cannot go to the law library. He seeks an order directing GEO to provide him with access so he can conduct legal research.

Although prisoners generally enjoy a constitutional right of access to the courts, *see Johnson v. Avery*, 393 U.S. 483, 483–485 (1969), this right is not unlimited and encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [prisoners'] convictions or conditions of confinement." *Johnson v. Rodriguez*, 110 F.3d 299, 310–11 (5th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996)). Restrictions on direct access to legal materials may be warranted particularly when prison security is involved. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Here Plaintiff states he is in administrative segregation and does not contend this classification is arbitrary or unwarranted. Further, he admits there is a law library employee who arguably can provide him with the materials he requests. Like all inmates, Plaintiff must follow the

1

legal research rules of the facility in which he is housed.

Accordingly, Plaintiff's Motion for Access to the Law Library [#8] is **DENIED**.

SIGNED this 5th day of June, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE